IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                        No. 1:17-CR-1235-WPJ

MATTHEW WOODS,

    Defendant.

**DEFENDANT MATTHEW WOODS'S MOTION *IN LIMINE* TO EXCLUDE
IMPROPER 404(b) EVIDENCE**

Defendant Matthew Woods moves this Court to preclude the Government from making any reference to the D.Y. and T.S. murders, the alleged anal rape of T.S., evidence of allegedly trafficked women not named in the indictment, the alleged beatings of Juvenile J. and her mother at the hands of Defendant Cornelius Galloway, and the alleged affair that Mr. Galloway had with Juvenile J's mother. The D.Y. and T.S. murders are neither proper 404(b)(2) evidence nor *res gestae*. Any modicum of probative value this evidence might have is substantially outweighed by its prejudicial tendency to impugn Mr. Woods' character in the eyes of the jury.

**FACTUAL BACKGROUND**

According to the Government, from around October 2016 through May 2017, Mr. Woods was part of the "Galloway Organization." The Government alleges the Galloway Organization recruited adult women, as well as two juveniles, to perform commercial sex acts. The Government acknowledges that the women were advertised on Backpage.com by the Galloways and not by Mr. Woods, whom the Government alleges was the enforcer of the organization but not a leader. The investigation into the Galloway Organization started after an adult prostitute, T.S., was

murdered and left in the Albuquerque, New Mexico foothills.  The Government alleges that T.S. was a prostitute and a recruiter for the Galloway Organization, and that there is a witness who will testify that Mr. Woods raped T.S.  Mr. Woods was arrested in April of 2017 and indicted on eight counts.

## LEGAL STANDARD

Rule 404(b) provides that "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).  Rule 404(b) prohibits the admission of evidence that "require[s] a jury to first draw the forbidden general inference of bad character or criminal disposition." *United States v. Moran*, 503 F.3d 1135, 1145 (10th Cir. 2007).  In other words, Rule 404(b) is concerned "with the chain of reasoning that supports the non-propensity purpose for admitting the evidence," and it "allows the use of other-act evidence only when its admission is supported by some propensity-free chain of reasoning." *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014).  The Government has the burden to show the evidence proffered is admissible under Rule 404(b).  "The Supreme Court has determined Rule 404(b) evidence is admissible if it satisfies the following four-part test: (1) the evidence is offered for a proper purpose; (2) the evidence is relevant; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) upon request, the district court provides an appropriate limiting instruction." *Huddleston v. United States*, 485 U.S. 681, 692 (1988).

## ARGUMENT

I. **The Court should exclude evidence of the D.Y. and T.S. murders.**

The Government has not shown that the murders are relevant to the case against Mr. Woods, and it certainly has not identified a proper purpose under Rule 404(b)(2).  Any such

evidence would be introduced solely (or substantially primarily) as either guilt-by-association evidence or improper character evidence. ***Mr. Woods was in custody, on unrelated charges, when the murders occurred***, and there has been no suggestion (let alone evidence) that Mr. Woods orchestrated the murders from jail. In fact, two other individuals were arrested for these murders. Any evidence to the murders at trial would essentially ask the jury to "first draw the forbidden general inference of bad character or criminal disposition." *United States v. Moran*, 503 F.3d 1135, 1145 (10th Cir. 2007).

Even if the government is capable of coming up with a "proper purpose" for the evidence, its probative value is substantially outweighed by its potential of unfair prejudice, because any mention of the murders has a significant potential for misuse by the jury. If the murders are mentioned at trial, the jury would be predisposed to assuming that Mr. Woods must be a deeply violent person, because he ran with such a violent crowd or was part of such a violent milieu. From there, it would be an easy inference for jurors that Mr. Woods has a violent nature and guilty of the indicted crimes in this case.

The murders are also not *res gestae*. *Res Gestae* evidence is a term for other acts that are "inextricably intertwined" with the charged offense. *United States v. Hardy*, 228 F. 3d 745, 748 (6th Cir. 2000). The Tenth Circuit has held that evidence is properly introduced as *res gestae* where evidence of uncharged acts provides context for the crime or is "necessary for a full presentation of the case." *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995). These murders, however, even if they are related to the overall sex-trafficking scheme in which Mr. Woods was allegedly peripherally involved — and there appears to be little evidence of that — are certain not inextricably intertwined *Mr. Woods's specific conduct* in furtherance of that scheme. D.Y. is not associated with the Galloway Organization, and it is not clear why he was

3

murdered or whether his murder has anything to do with this case. It does not appear that D.Y. ever *met* Mr. Woods. The Government has linked D.Y., through text messages, to the victim T.S., who was working as a prostitute for another pimp, D'Angelo McNeal — who was not affiliated with the Galloway Organization — at the time of her death.

The present case does not present a situation where we have the same actors, employed in the same operation, therefor it is improper to allow evidence of the murders under this theory. *Cf United States v. Swinton*, 75 F.3d 374 (8th Cir. 1986) (holding the uncharged acts involved "the same principal actor in the same roles and employed the same general *modus operandi*" deeming the uncharged act "so blended" with the one at trial).

Additionally, the murders are not needed for the Government to provide a full presentation of its case. Uncharged misconduct evidence can be admitted if "the prosecution would be unable to present a coherent and comprehensive story regarding the commission of the crime to the jury."[1] That is not the case here. The Government alleges that the Galloway Organization's prostitution ring began in October 2016 and continued until April 2017. The murders happened on January 15, 2017. This leaves the Government the entirety of its timeline as to Mr. Woods, who was never out of jail again during the indicted period. The Government would not suffer a void in its story absent the murders. The murders are also not necessary to prove the indicted crimes. When uncharged wrongdoings are presented in situations where it is "not relevant to the charged crime, the 'completes the story' prong of the inextricably intertwined exception runs the greatest risk of swallowing Rule 404." *United States v. Bowie*, 232 F. 3d 923, 928 (D.C. Cir. 2000).

---

[1] Thomas M. DiBiagio, *Intrinsic and Extrinsic Evidence in Federal Criminal Trials: Is the admission of Collateral Other-Crimes Evidence Disconnected to the Fundamental Right to a Fair Trial?*, 47 Syracuse L. Rev. 1229, 1246 (1997).

This Court should exclude any evidence of the D.Y. and T.S. murders as improper under Rule 404 and res gestae.

**II.     The alleged rape of T.S. by Mr. Woods is not appropriate *res gestae* evidence and should be excluded by this Court.**

The Government claims that in October 2016, a witness observed Mr. Woods force T.S. over a table or a counter at a party and rape her. The Government claims that it is necessary to admit this evidence to show Mr. Woods role in the "Galloway Organization" as the enforcer and the use of force to traffic T.S. However, the Government does not allege that public rape was part of the typical *modus operandi* of Mr. Woods or the "Galloway Organization." The evidence shows that in October 2016, T.S. was actively working as a prostitute for another pimp who was not in the "Galloway Organization." Even if the alleged rape did occur, it did not occur in any instance of trafficking or in any instance of Mr. Woods being an "enforcer." Even assuming this rape occurred, there is no evidence tying it to the Galloway organization; it also appears that this incident may have occurred outside of the time period charged for the conspiracy. *Cf. United States v. Pace*, 981 F.2d 1123, 1135 (10th Cir. 1992) (conduct is res gestae rather than 404(b) evidence only if it occurred during the "life of a conspiracy" as charged). In any event, the Government is still able to present its case without creating a "mini trial" over whether Mr. Woods raped T.S.

**III.    Evidence of trafficked women not named in the indictment is prejudicial and barred under Rules 404 and 403.**

The Government asserts that evidence regarding the unnamed women "is probative to establish the defendant's lack of mistake or accident, intent, knowledge, and motive as to

committing these crimes." Notice at 12.[2] The three women that were allegedly trafficked prior to the conspiracy, cannot be admitted as *res gestae* evidence. *Cf. United States v. Pace*, 981 F.2d 1123, 1135 (10th Cir. 1992) (conduct is res gestae rather than 404(b) evidence only if it occurred during the "life of a conspiracy" as charged). For the other unnamed women the Government asserts, it is improper for admission of evidence of these unnamed women without disclosure. This creates the danger of confusion in the jury and resulting in unfair prejudice to Mr. Woods that substantially outweighs any probative value it may have.

### IV.   This Court should exclude evidence of Mr. Galloway's alleged affair with Juvenile J's mother and the alleged beatings by Mr. Galloway.

The Government in its Notice purported to admit evidence of an alleged affair between Cornelius and Juvenile J's mother and that he would beat the both women with a backscratcher. The Notice was filed prior to Mr. Galloway's plea deal, and today Mr. Galloway is no longer in the case. Admitting evidence of the alleged affair or beatings would be irrelevant and improper at Mr. Woods' trial.

### CONCLUSION

For the foregoing reasons, Defendant Matthew Woods respectfully requests that the Court prevent the Government from offering evidence from making any reference to the murders of D.Y. or T.S., the alleged rape of T.S., evidence of allegedly trafficked women not named in the Indictment, alleged beatings of Juvenile J and her mother by Cornelius Galloway, and the alleged affair that Mr. Galloway had with Juvenile J's mother. This evidence is improper under Rule 404(b), and its lack of probative value is clearly outweighed by its potential prejudicial effect.

---

[2] USA's Notice of Intent to Introduce Res Gestae & 404(b) Evidence (Doc. No. 316) (filed Apr. 19, 2019) ("Notice").

Respectfully submitted,

HARRISON & HART, LLC

By: _____
    Carter B. Harrison IV
1001 Luna Circle NW
Albuquerque, NM 87102
Tel: (505) 295-3261
Fax: (505) 341-9340
Email: carter@harrisonhartlaw.com

*Attorneys for Defendant Matthew Woods*

**This Filing Has No Exhibits**

### CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June 2020, I filed the foregoing Motion electronically via the Court's CM/ECF filing system, causing a copy of it to be served on counsel of record for all Defendants and on the following counsel of record for the Government:

    Letitia Carroll Simms
    Jack Burkhead
    United States Attorney's Office
    201 Third Street NW
    Albuquerque, NM 87103
    Tel: (505) 346-7274
    Fax: (505) 346-7296
    letitia.simms@usdoj.gov
    jack.e.burkhead@usdoj.gov

*Attorneys for the Plaintiff*

HARRISON & HART, LLC

By: */s/ Carter B. Harrison IV*
    Carter B. Harrison IV