IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 17-1235 WJ |
| ) | |
| **MATTHEW WOODS**, ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' OMNIBUS MOTIONS IN LIMINE**

The United States hereby files this omnibus motion in limine:

1. Notice to Admit Business Records under FRE 902(11)

The United States intends to admit portions of the defendant's jail call records from the Metropolitan County Detention Center, various Facebook records, emails, hotel records, and Booking.com records. These records are admissible when accompanied by a proper certification that complies with Federal Rule of Evidence 803(6)(A)-(C). See Fed R. Evid. 902(11). The records were made at or near the time, or from information transmitted by someone with knowledge, they are kept in the course of a regularly conducted activity of a business, and making such a record is the regular practice of that activity. FRE 803(6)(A)-(C).

The United States has only recently reached out to defense counsel regarding their position on this request, so their opposition is presumed for the purposes of this filing. It should be noted that the defendant has noticed in his exhibit list that he will be moving to admit Facebook records, records from the Howard Johnson, and Backpage records.

2. Motion to admit 911 call as excited utterance and present sense impression

The United States intends to play the 911 call made by M.V. at trial. This recording is

admissible as an exception to the hearsay rule under Fed. R. Evid. 803(1) and (2). In the call, M.V. reports having been approached by co-defendant and sex trafficker Cornelius Galloway after she had escaped from him. He ordered her to get into his car, and she refused. In the call to 911, M.V. states what is happening at the present time, and what has just happened. The nature of the statements qualify as a present sense impression because they describe or explain an event or condition, made while, or immediately after the declarant perceived it. (Fed. R.Evid. 803(1)). Specifically, Cornelius Galloway was there as she called the police, and told her she better not be calling the cops. There is a part where her voice is very quiet in an effort for Galloway not to hear her. Her perception of this event immediately preceded her statements on the 911 call.

Furthermore, she is obviously quite upset during the call. She is heard to be sobbing and scared. She makes statements relating to a startling even or condition (being found by the sex trafficker she had just escaped from), and these statements are made while she was under the stress of excitement that it caused. (Fed.R.Evid. 803(2)). It is evident from her tone that M.V. is under the stress of excitement caused by Galloway tracking her down and demanding she get in his car. He had told her on prior occasions that if she ever ran away or told anyone what was happening to her, "we" would kill her. Naturally, M.V. was worried and scared that he was there to make good on his threats. The 911 call is made in this context, and is admissible.

Defense counsel was contacted and stated that they would not stipulate to playing the recording, but they would stipulate to a transcript with all references to trafficking redacted. Counsel's reasoning against playing the audio was to "avoid time-wasting and to prevent the highly prejudicial effects of M.V.'s tone of voice when describing activity that our client was uninvolved with." The United States submits that playing the audio of the call, which is not unduly lengthy, is not a waste of time. Furthermore, the jury is going to hear that Matthew Woods physically beat

M.V. when she initially refused to perform commercial sex acts at the Galloway's behest. This, coupled with Galloway's statements that "we" would kill her, clearly implicate Matthew Woods as part of the reason M.V. was so upset on the phone call. The fact that she is so upset is part of the reason the call is admissible.

This evidence may be "highly prejudicial," but that is simply a concession that the evidence is highly relevant. It is a certainty that the defendant will attempt to call into question M.V.'s credibility. At the same time, they object to playing a recording that is highly probative of her credibility. Matthew Woods is charged with some very unpleasant crimes. Naturally, the evidence against him will be unpleasant. This does not equate to unfair prejudice, and the Court should allow the playing of the 911 audio recording.

3. <u>Motion to Exclude any reference in trial to an allegation that T.S. had caused someone's death</u>.

Matthew Woods, in his interview with police, says something to the effect that T.S. "ended up killin' our f***ing friend…" The statement was made in reference to Woods' statement that T.S. had been "slipped a Mickey."[1] The context is that the "Mickey" had caused T.S. to act out, and she "ended up killin'" someone. Woods provides no details to this act. He does not give a name for the friend, and he does not give a time-frame wherein this supposedly occurred. It is unclear if Woods witnessed this alleged incident, or if he heard about it from someone else. The statement was made in a bizarre fashion, and there was no follow-up in the remainder of the questioning.

The United States requests any reference to this allegation be excluded from trial. It is

---

[1] The United States submits this has a common meaning for when someone is covertly given bad, tainted, or unexpected narcotics.

3

hearsay if presented by the defense via Mr. Woods' interview. The allegation is vague and untrustworthy on its face. It has no relevance. There has been no claim that Mr. Woods trafficked, beat, or raped T.S. in self-defense. T.S. is deceased, and is therefore not here to admit or deny such a claim. It is unfairly prejudicial to the government because it is an alleged bad act that cannot be verified, and cannot meaningfully contribute to any legitimate defense.

The United States contacted defense counsel regarding Mr. Woods' position. Counsel's position was that "Even if it turns out to be demonstrably untrue…, it would show that Woods routinely overstates the violence he sees, hears about, perpetrates, etc. on the streets," and he therefore opposes the exclusion of this allegation from trial. The United States submits that this is not a valid reason to elicit such testimony. Furthermore, if that is the defense strategy, it opens the door to many things that may not ordinarily be admissible, as well as things the defendant has objected to thus far in these proceedings. While it would be an interesting road to go down, the United States does not wish to become side-track in this case that already presents a host of genuinely relevant issues. Reference to this allegation should be excluded on relevance grounds, hearsay grounds, and pursuant to Fed.R. Evid 403 as unfairly prejudicial and a waste of time and resources.

For the foregoing reasons, the United States respectfully requests that this Court allow the evidence in sections 1 and 2 to be presented in the manner proposed at trial, and the evidence discussed in section 3 be excluded. The filing of this motion in CM/ECF caused a copy to be served on counsel for defendants.

                                                                  Respectfully submitted,

                                                                  JOHN C. ANDERSON
                                                                  United States Attorney

*<u>Electronically filed July 15, 2020</u>*
LETITIA CARROLL SIMMS
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87103
(505) 346-7274