## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

———————————————

UNITED STATES OF AMERICA,

     Plaintiff,

   v.                                 No.:  Cr.17-1235 WJ

MATTHEW WOODS,

     Defendant.

### MEMORANDUM OPINION AND ORDER
### GRANTING GOVERNMENT'S MOTION IN LIMINE
### TO PROHIBIT DISCUSSION OF POSSIBLE PENALTIES

THIS MATTER comes before the Court upon the Government's Motion in Limine seeking an Order prohibiting Defendant Woods, his counsel, and/or any witnesses from asking any question, introducing any evidence or making any statement or argument that directly or indirectly, implicates Defendant's potential sentence of the time he has already spent incarcerated ("possible-penalties evidence") while the jury is present.  The motion was filed on June 1, 2020 (**Doc. 419**). Having reviewed the parties' briefing and the applicable law, the Court finds that the motion is well-taken and, therefore, is granted.  Defendant, however, shall be permitted limited inquiry on cross-examination regarding Ms. Galloway's plea agreement, as described below.

### BACKGROUND

The Government contends that providing jurors with possible-penalties evidence would distract and confuse the jury. *See Shannon v. United States*, 512 U.S. 573, 579 (1994) (providing jurors sentencing information "invites them to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion").  The Government also argues that allowing possible-penalties evidence would both

unfairly prejudice the United States and invite error by injecting irrelevant, confusing, and potentially inflammatory evidence into the jury's consideration:

> The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial. Breach of this standard has often been grounds for reversal. A jury is obligated to reach its verdict without regard to what sentence might be imposed") (internal quotations omitted) (citing, *inter alia*, *Rogers v. United States,* 422 U.S. 35, 40 (1975).

*See United States v. Greer*, 620 F.2d 1383, 1385 (10th Cir. 1980).

Defendant, however, assures the Court that he has "no desire" to present evidence of his own sentencing exposure to the jury, acknowledging that doing so could potentially cause the jury to return a "nullifying" verdict of acquittal if it perceived the sentencing potential as unjust. Rather, Defendant wishes to explore, during cross-examination of co-defendant Danielle Galloway, the deal she struck with the Government that involved the dropping of five charged counts and her guilty plea to conspiracy under 18 U.S.C. §371. Defendant contends that not being permitted to cross-examine Ms. Galloway for possible bias or motivation deprives him of his right to cross-examine under the Confrontation Clause. *See Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986) ('the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination").[1]

## DISCUSSION

As the Supreme Court has recognized, there is simply no reason to allow possible-penalties evidence before the jury. *See Shannon v. United States*, 512 U.S. 573, 579 (1994) ("The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the

---

[1] In *Van Arsdall*, a Delaware trial court refused to allow defense counsel to cross-examine a prosecution witness about an agreement that he had made to speak with the prosecutor about the murder in question in exchange for the dismissal of an unrelated criminal charge against him. The Supreme court analyzed the issue in the context of whether the district court's error was harmless. The facts of that case did not address, in any way, the issue of cross-examining a witness to elicit possible-penalties evidence and so is not relevant to the specific question raised here.

crime charged."). The Tenth Circuit has adopted a bright-line rule that "[u]nless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties." *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991), *abrogated on other grounds by United States v. Wacker*, 72 F.3d 1453 (10th Cir. 1995). The statute at issue here, regarding sex trafficking, does not require jury participation in punishment determinations. *See* 18 U.S.C. § 1591.

Defendant offers no case precedent that would convince this Court that defense counsel should be allowed to question Ms. Galloway on the particulars of her plea agreement with the Government. Instead, Defendant points out that there is a "circuit split" on the issue of whether defendants should be prohibited from asking cooperating witnesses, and former co-conspirators, details about their sentences and sentencing agreements with the government in order to expose the witnesses' bias. *See United States v. Lanham*, 617 F.3d 873, 884 (6th Cir. 2010) (noting that the Sixth Circuit has not considered the issue in a published decision and comparing decisions from courts addressing the issue).[2]

The Tenth Circuit has addressed the issue only obliquely, following an appeal from a case before the undersigned. In *U.S. v. Mirabal, et al.,* this Court permitted defense counsel to cross-examine a co-conspirator about his plea agreement with the Government and how he expected to benefit from a lighter sentence due to his cooperation. 13-cr-01152 WJ-LF, Doc. 288, filed 11/23/15. Defendant was not allowed, however, to use the plea agreement itself or inquire into how much the witness expected his sentence to drop because of his cooperation with the

---

[2] *Compare United States v. Chandler*, 326 F.3d 210, 218–24 (3d Cir.2003) (holding that the district court abused its discretion when it limited defendants' ability to cross-examine co-conspirators about their sentences, reversing and remanding for new trial) with *United States v. Cropp*, 127 F.3d 354, 358–59 (4th Cir.1997) (holding the opposite). Where there are conflicting authorities, the district court could not have committed plain error. *See Lanham*, 617 F.3d 884 ("[A] circuit split precludes a finding of clear error.") (citation omitted).

Government.  *See also* 13-cr-01152 Doc. 288 (Order Granting Gov't's First Mot. in Limine to Prohibit Discussion of Applicable Penalties).

On appeal, the defendant in *Mirabal* claimed that the Court's ruling violated his rights under the Confrontation Clause.  The Tenth Circuit Court of Appeals did not tackle the question head-on, but only "assume[d] for the sake of argument that the restriction violated the Confrontation Clause."  *United States v. Mirabal*, 876 F.3d 1029, 1035 (10th Cir. 2017). Even so, the court concluded that any error would be harmless: based on the strength of the prosecution's case and defendant's "extensive" cross-examination of the witness, the jury would still have returned a guilty verdict.  *Id.* at 1036-37.

Here as well, the Court takes no issue with allowing Mr. Woods' defense counsel to cross-examine Ms. Galloway about her plea agreement in a general sense, including her expectation of a lighter sentence because of her cooperation.  But inquiring into further details (such as asking how *much* her sentence dropped from what would have been potential exposure) would permit Defendant to elicit evidence from which the jury could speculate, infer or even deduce the possible penalties for the offenses with which Defendant is charged, should he be found guilty.  Also, since Ms. Galloway was charged differently from Mr. Woods,  any attempt by the jury to speculate would lead to juror confusion. The jury would require a crash course in federal sentencing to even begin to understand the issues—which would lead to even more confusion.

 Cross-examination of Ms. Galloway is still available to Mr. Woods.  He can delve into the plea agreement in sufficient detail to draw out any evidence of Ms. Galloway's bias or motivation without trying to sidestep the Tenth Circuit's prohibition against informing the jury of possible penalties, whether it is done directly as to Defendant's charges, or indirectly through a co-defendant's plea deal. *See United States v. Courtney*, 816 F.3d 681, 686 (10th Cir. 2016) (when

jury has no sentencing function, it "should reach its verdict *without regard to what sentence might be imposed*) (citing *Rogers v. United States,* 422 U.S. 35, 40 (1975) (emphasis added).

Defendant suggests that one resolution to the issue would be a stipulation from the Government to an "adequately weighty statement of the benefits that Ms. Galloway stands to receive from cooperating" as it would eliminate the need for an in-depth cross-examination.  Doc. 430 at 3.  Defendant also would "welcome the opportunity" to have the Court "lay out the metes and bounds" of permissible cross-examination for the same reason.  The Court will not be taking up Defendant's suggestion that it design a permissible cross-examination for defense counsel, other than what the Court has already described.  Additionally, the Court will not require any stipulation by the Government of the sort Defendant is recommending, as both parties likely have different ideas of what an "adequately weighty statement" might be, and the Court does not intend to become a referee for what could become an endless exercise.[3]  The idea of a stipulation between parties is not foreclosed, however, if it can be achieved without Court intervention.

## CONCLUSION

In sum, the Court finds and concludes that both Supreme Court and Tenth Circuit precedent is abundantly clear regarding the introduction of evidence of possible penalties.  While it is less clear as to whether a defendant should be prohibited from eliciting such evidence from a cooperating witness or former co-conspirators, the purpose remains the same: to prevent the jury from being informed about possible penalties for a defendant.  The Court finds that unfettered inquiry into Ms. Galloway's plea agreement is contrary to that purpose.  Absent definitive

---

[3] Defendant offers this as an example of an "adequately weighty" statement: "Danielle Galloway would have certainly been sentenced to at least 15 years of incarceration in a federal penitentiary, and probably more, if she had gone to trial and been convicted, but, by agreeing to testify for the Government, she faces a maximum of five years, and might possibly face no prison time whatsoever."  Doc. 430 at 2. The Court can easily foresee being asked to make rulings on minutiae for each question defense counsel would like to ask on cross-examination, including every phrase in the example just cited here.

guidance from the Tenth Circuit on this issue, the Court will allow Defendant to conduct cross-examination into Ms. Galloway's plea agreement generally, including how she expected to benefit from a lighter sentence due to her cooperation with the Government.  However, Defendant may not inquire further into the possible penalties for Ms. Galloway, or specific information such as how much her sentence was expected to drop.

**THEREFORE,**

**IT IS ORDERED** that the Government's Motion in Limine to Prohibit Discussion of Possible Penalties **(Doc. 419)** is hereby GRANTED in accordance with this Memorandum Opinion and Order.

CHIEF UNITED STATES DISTRICT JUDGE