IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                      No. 1:17-cr-1235-WJ

MATTHEW WOODS,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE IMPROPER 404(b) EVIDENCE and GRANTING THE GOVERNMENT'S MOTION TO EXCLUDE MR. WOODS' HEARSAY STATEMENTS**

THIS MATTER comes before the Court on Defendant's Motion *In Limine* to Exclude Improper 404(b) Evidence, filed June 1, 2020 (**Doc. 420**). Defendant seeks to preclude the Government from making any reference to the murders of T.S. and D.Y and any item of evidence contained in the Governments Notice of Intent to Introduce Evidence as *Res Gestae* or Prior Bad Acts Pursuant to Fed. R. Evid. 404(b), filed April 19, 2019 (Doc. 316). The Court will also use this Memorandum Opinion and Order to issue a ruling on the Government's motion to exclude evidence that T.S. caused someone's death (**Doc. 450 at 3-4**). *See* Doc. 491 at 11 (deferring ruling on this matter).

## Background

Defendant Matthew Woods is charged with seven counts involving the sex trafficking of adults and minors and one count alleging obstruction. Doc. 380 (Fourth Superseding Indictment). All of his co-defendants, who allegedly formed a conspiracy with Defendant (the "Galloway Organization"), have been terminated from this action. Mr. Woods is the only member of the alleged Galloway Organization who denies criminal liability. The Indictment alleges that

1

beginning on or before October of 2016 and continuing to May of 2017, the Galloway Organization recruited adult women to perform commercial sex acts, knowing that force, threats, fraud, or coercion would be used to cause these women to engage in these acts. The Indictment further alleges that the Galloway Organization committed sex trafficking of two juveniles, counts that do not require proof of force, fraud, threats, or coercion.

The Government alleges that the typical *modus operandi* for the Galloway Organization was to target and recruit vulnerable females and subsequently use narcotics or physical violence to cause these women to engage in commercial sex acts. Doc. 429 at 2. The Government contends that, once recruited, the women were then exploited and controlled through beatings and the withholding of drugs or food. *Id.* According to the Government, Mr. Woods' role in the Galloway Organization was to act as an "enforcer" for ringleader Cornelius Galloway. When the women refused to do as they were told, Cornelius Galloway sent them to Matthew Woods for punishment. This punishment would range from physical beatings to forcible rape. *Id.*

## Relevant Law

The text of § 1591(a) proscribes two forms of sex trafficking: (1) sex trafficking involving a commercial sex act induced by means of force, threats of force, fraud, or coercion, or a combination thereof; and (2) child sex trafficking in which the person induced to perform the commercial sex act is under the age of eighteen. 18 U.S.C. § 1591(a). The *mens rea* elements for the two forms of sex trafficking are different. Under the first form, a defendant must act knowingly, or in reckless disregard of the fact, that a commercial sex act was induced by means of force, threats of force, fraud, coercion, or any combination thereof. Under the second form, a defendant must act knowingly, or in reckless disregard of the fact, that the person induced to perform the commercial sex act was not eighteen years old. *Id.* With respect to this second form, Congress also

provided:

> In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited, the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years.

*Id.* § 1591(c); *see also United States v. Gemma*, 818 F.3d 23, 38 (1st Cir. 2016).

The Government seeks to admit the evidence discussed below as *res gestae*, which has been defined as other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense. *United States v. Sangiovanni*, WL 1655918, at *10 (D.N.M. March 20, 2013) (Browning, J.) (citing *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)). *Res gestae* can also come in the form of "proper background evidence," which the *Sangiovanni* Court explained "has a causal, temporal or spatial connection with the charged offense." *Id.* at *11. "Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id*. (quoting *Hardy*, 228 F.3d at 748).

If the noticed evidence is not admitted as *res gestae*, the Government then requests it be admitted as evidence of prior acts pursuant to Rule 404(b), which provides that "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). To be admissible, Rule 404(b) evidence must (1) be offered for a proper purpose, (2) be relevant, (3) have a probative value that is not substantially outweighed by potential for unfair prejudice, and (4) upon request, be subject to an appropriate limiting instruction. *United States v. Smalls*, 752 F.3d 1227, 1237 (10th Cir. 2014).

**Discussion**

I. **Defendant's Motion to Exclude**

A. <u>Limited References to the Murder of T.S. are Admissible as *Res Gestae* Evidence</u>

Defense counsel argues that the murders of D.Y. and T.S. in January of 2017 are not relevant to the case against Mr. Woods, who was in custody at the time both murders occurred. According to Defendant, this evidence cannot be admitted as *res gestae* because it is not inextricably intertwined with Mr. Woods' charged conduct nor is it necessary to show the full picture of the charged offenses.

The Government does not plan on referencing the murder of D.Y. in its case in chief, nor does it expect to put on any evidence that Cornelius Galloway may have been involved in the murder of T.S. Instead, the Government insists that it will give the jury a limited and sanitized version of T.S.'s murder in order to better explain the case. The Court agrees with the Government that the proposed limited references to T.S.'s murder are admissible as *res gestae*.

Evidence of the murder is intertwined with proper evidence to such a degree that telling the jury T.S. was killed is necessary to complete the picture. It explains why she is not a witness against the Galloway Organization and many of Mr. Woods' statements to law enforcement were made in the context of discussing T.S.'s murder. In turn, some of Mr. Woods' statements are relevant to whether T.S. was being trafficked by the Galloway Organization. Under these circumstances, evidence that T.S. was murdered is inextricably intertwined with proper evidence of the Galloway Organization's alleged trafficking operations and its admission is necessary for the Government to be able to give a full picture of the charged offenses. Defendant's objections are **overruled**.

The Court will allow limited references to the murder of T.S. to be introduced at trial. To

cure any danger of unfair prejudice, the Court **grants** Defendant's request for an order requiring the Government (or the Court) to read a stipulation to the jury stating that Mr. Woods was in jail when the murder occurred and that no allegations have been made that Mr. Woods was criminally involved in this murder.

The Court will not rule on the admissibility of evidence related to the murder of D.Y. The Government has represented that it does not plan to reference this incident in its case in chief. Should the Government seek to reference the murder of D.Y. at trial, it must request a bench conference so that the Court may rule on this matter before the jury hears potentially inadmissible evidence.

   B. <u>Evidence that Mr. Woods Raped T.S. is Admissible as Intrinsic Evidence of the Galloway Organization's Trafficking Activities</u>

In its Notice, the Government states that every instance of Mr. Woods engaging in force, threats, fraud, and coercion is clearly relevant and intrinsic to the charges themselves. *See* 18 U.S.C. 1591(a). Defendant does not object to noticed evidence of Mr. Woods' multiple rapes of A.R., the victim listed in Count 7. Instead, Defendant challenges only the Government's eyewitness testimony that Mr. Woods publicly raped T.S. at a party in the fall of 2016. The Motion argues that T.S. was likely working for a different pimp at the time and, consequently, Mr. Woods was not engaging in this alleged conduct as an "enforcer" or trafficker. Defendant, citing *United States v. Pace*, 981 F.2d 1123, 1135 (10th Cir. 1992), asserts that evidence of acts that occurred outside the life of the conspiracy cannot be admitted as *res gestae*. Finally, Defendant contends that this evidence has a high potential for unfair prejudice. *See* Fed. R. Evid. 403.

The Government contends that the text messages collected from Cornelius Galloway's cell phone strongly indicate that T.S. was again being trafficked by the Galloway Organization when this alleged rape occurred. Doc. 429 at 5.

The Court finds Defendant's *Pace* argument unavailing, as the cited to portion of that opinion discusses only the narrow issue of whether Rule 404(b) applies to evidence generated during the life of the conspiracy. 981 F.2d at 1135. The Tenth Circuit has held that *res gestae* is "not subject to Rule 404(b)" *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011). Indeed, *res gestae* is not limited to the life of the conspiracy because it can include other acts that "were necessary preliminaries to the crime charged," *Id.*, or were "a prelude to the charged offense." *Sangiovanni*, 2013 WL 1655918, at *11.

Under these circumstances, evidence of T.S.'s rape at the hands of Mr. Woods is entirely germane background information that is directly connected to the factual circumstances of Count 3, which alleges that the Galloway Organization trafficked T.S. This behavior fits squarely within the Indictment's allegations and constitutes substantive evidence that Mr. Woods engaged in acts of force, fraud, and coercion. *See* 18 U.S.C. 1591(a). This evidence plays largely the same role with regards to Counts 2, 3, 4, and 7, as it tends to prove that Mr. Woods knew or recklessly disregarded the fact that force, threats, fraud, or coercion would be used to cause the other charged victims to engage in commercial sex acts. *See id*. The testimony about Mr. Woods' rape of T.S.,[1] and evidence of Mr. Woods' rapes of A.R., are admissible intrinsic evidence.

The Court finds that the high probative value of this eyewitness testimony is not substantially outweighed by the danger for unfair prejudice. *See* Fed. R. Evid. 403. The allegations in this case are very unpleasant, therefore the relevant evidence used to prove the case will also be

---

[1] Were the testimony to establish that the rape of T.S. occurred earlier than the charge conspiracy period and under circumstances too attenuated from the charged offenses, then the Court would likely find that this evidence is admissible under Rule 404(b) because it demonstrates Mr. Woods had knowledge of the forceable and coercive methods used by sex trafficking rings like the Galloway Organization, and, further, he knew that these methods would cause the victims, like T.S. and A.R., to engage in future commercial sex acts. *See* Fed. R. Evid. 404(b); *United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010) (18 U.S.C. § 1591 describes a state of mind in which the knower is familiar with a pattern of conduct or at least be aware of an established *modus operandi* that will in the future cause a person to engage in prostitution).

unpleasant. This does not make it unfair. The possibility that a jury would erroneously connect this incident to T.S.'s murder several months later will be cured by a reading of the Government's stipulation, as discussed in the section above. Defendant's objections are **overruled**.

   C. Evidence that the Galloway Organization Trafficked Women Not Named in the Indictment is Admissible as *Res Gestae*

The Government alleges that the Galloway Organization trafficked approximately nine to twelve women. Cornelius Galloway admits to having approximately ten victims. Six of these women are named in the Indictment, leaving additional women unnamed (the "uncharged victims"). The Government argues the involvement of the uncharged victims is intrinsic to the overall scheme and fact pattern of the charged offenses. Doc. 316 at 6. Defendant argues that this evidence is prejudicial and barred under Fed. R. Evid. 404 and Fed. R. Evid. 403, and that any substantive act that occurred before October of 2016 cannot be admitted as *res gestae.*

As discussed above, evidence generated prior to the charged period can still be admissible as *res gestae*. For example, Cornelius Galloway's text messages pertaining to the commercial sex engaged in by the uncharged victims, sent in late September, are "a prelude" to the charged offense.[2] Many of the charged victims reference the uncharged victims when they tell their accounts. Referring to the uncharged victims is necessary to answer basic questions regarding how each charged victim met the Galloways, and who was present when they were being trafficked during the conspiracy. Cornelius Galloway referenced some of the uncharged victims in his interview with police when explaining his involvement in the alleged sex trafficking ring. The Court agrees with the Government that references to the uncharged victims are necessary to complete the story of the charged offenses. This evidence if properly admissible as *res gestae*.

---

[2] The Court would also be inclined to find that text messages exchanges from September 25 to 27, 2016 occurred during the life of the conspiracy. *See* Doc. 429 at 7–8. As the Indictment states, the Government alleges that the conspiracy began "*on or about* October 2016. . . ." Doc. 380 at 1 (emphasis added).

The Court finds the high probative value of this evidence is not substantially outweighed by the danger for unfair prejudice. Because the Galloway Organization used largely the same methods when trafficking its victims, whether charged or uncharged, references to the uncharged victims' involvement in this case does not present a danger of unfair prejudice or misleading the jury. Defendant's objections are **overruled**.

D. <u>Evidence of Cornelius Galloway Beating Juvenile M with an Extension Cord and Beating T.S. with a Backscratcher is Admissible Intrinsic Evidence.</u>

Defendant asks the Court to exclude only the evidence pertaining to the incident in which Cornelius Galloway allegedly beat T.S. with a backscratcher,[3] the argument being that since Mr. Galloway is no longer a party to this case admitting evidence of his alleged beatings would be irrelevant and improper at Mr. Woods' trial. The Government seeks to admit every instance of Cornelius Galloway's violence against victims as intrinsic evidence. According to the Government, the evidence that Mr. Galloway was beating adult and minor victims during the charged period is highly probative as to the sex trafficking charges against Mr. Woods.

The Court agrees that the noticed evidence meets the standards set forth in *Sangiovanni* for "proper background evidence" for Counts 3 and 6, as it is directly probative of those charged offenses, arises from the same events, and forms an integral part of a witness's testimony. WL 1655918, at *11. The high probative value of this evidence is not unfairly prejudicial, *see* Fed. R. Evid. 403, and it is unlikely to provoke an inappropriate emotional response from the jury. *See United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999) (holding that evidence may be

---

[3] Defendant's Motion misstates the nature of the Government's proffered evidence as it discusses instances of Mr. Galloway beating Juvenile J and her mother with a backscratcher. Doc. 420 at 6. The Reply corrects the misstatement and contends that the Motion's reasoning and arguments for exclusion are transferable to Mr. Galloway's beating of T.S. Doc. 434 at 3.

Moreover, the Court will not address Defendant's objection to admitting evidence of Mr. Galloway carrying on an affair with Juvenile J's mother, as the Government has agreed not to mention the nature of this relationship and will instead present evidence demonstrating only that the two knew each other well. Doc. 429 at 10.

excluded under Rule 403 if it "tends to affect adversely the jury's attitude towards a defendant wholly apart from its judgment as to his guilt or innocence of the crimes charged."). Defendant's objections to the admission of evidence regarding the evidence described above are **overruled.** Defendant may still object at trial to instances of Mr. Galloway's violence towards victims that were not described in the Government's Notice.

### II.      Government's Motion to Exclude Evidence that T.S. Caused Someone's Death

In his interview with police, Woods made a statement to the effect that T.S. "ended up killin' our f***ing friend… ." The statement was made in reference to another statement by Woods that T.S. had been "slipped a Mickey" (bad or tainted narcotics) which caused T.S. to act out. The Government seeks to exclude the statements at trial because they are hearsay, not relevant, and untrustworthy on their face. T.S. is deceased and so cannot deny this claim. Defendant opposes the exclusion, claiming that even if the statements turns out to be false, it would show that Woods overstates the violence he sees and hears about on the streets. The Court originally deferred ruling on the matter. Doc. 491 at 11.

Unless Mr. Woods chooses to testify at trial, these statements are hearsay if offered by his defense counsel. *Cf.* Fed. R. Evid. 801(d)(2) (a statement made by an opposing party is not hearsay). The circumstances do not reveal a hearsay exception, and Defendant's argument that these statements are not being used for their truth is unavailing. Because they are hearsay without an exception, the Court **grants** the Government's motion to exclude these statements. If Defendant chooses to testify at trial or Defense counsel finds a non-hearsay vehicle for this evidence, then it must request a bench conference so that the Court may rule on this matter before the jury hears potentially inadmissible evidence.

**Conclusion**

For the reasons discussed above, the Court hereby DENIES Defendant's Motion *In Limine* to Exclude Improper 404(b) Evidence (Doc. 420) and GRANTS the Government's Motion to Exclude Mr. Woods' statements that T.S. Caused someone's death (Doc. 450 at 3-4).

**IT IS SO ORDERED.**

                                                                WILLIAM P. JOHNSON
                                                                CHIEF UNITED STATES DISTRICT JUDGE